Filed 1/21/22  P. v. White CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B312709 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. GA037314 |
| PHILLIP L. WHITE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Villalobos, Judge. Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1999, a jury convicted defendant and appellant Phillip Lamont White of four counts of robbery (Pen. Code, § 211)[1] and one count of assault with a firearm (§ 245, subd. (a)(2)) and found various gang and firearm allegations true. The trial court sentenced him to 35 years to life in state prison. In 2021, following the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), White filed a petition for resentencing under section 1170.95.[2] Although he checked the boxes on the petition alleging he satisfied the criteria for section 1170.95 relief, he appended a declaration explaining that he had been convicted of robbery and assault with a deadly weapon, not murder. The trial court denied the petition, concluding White was ineligible for relief because he was not convicted of murder.

White filed a timely notice of appeal, and we appointed counsel to represent him. On August 17, 2021, appellate counsel filed a brief raising no issues and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) We informed White that he could personally submit any contentions or issues for us to consider, and he filed a supplemental brief on September 7, 2021. In his supplemental brief, White raises

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     Under section 1170.95, a person who was convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could not be convicted of murder following the enactment of SB 1437's changes to sections 188 and 189, may petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a).)

several arguments, though none of them resolves the central defect in his petition – that he is ineligible for section 1170.95 relief because he was convicted of robbery and assault with a firearm, not murder. We therefore reject his contentions.[3]

In addition to reviewing the issues White has raised in his supplemental brief, we have also independently examined the entire record, and are satisfied no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *People v. Wende, supra*, 25 Cal.3d at p. 443.)

---

[3] On October 5, 2021, the Governor signed SB 775. (2021-2022 Reg. Sess.) Effective January 1, 2022, SB 775 amended section 1170.95 to provide relief for certain individuals convicted of attempted murder or manslaughter. (See Stats. 2021, ch. 551, §§ 1, 2; § 1170.95, subds. (a)-(e).) We note that because White was not convicted of attempted murder or manslaughter, he is ineligible for relief under SB 775.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.


We concur:


MANELLA, P.J.


WILLHITE, J.

4